IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THEODORE EARNELL PARKER, JR.       *

Petitioner                          *

v.                                  *         Civil No.      WDQ-12-2486
                                              Criminal No.   WDQ-07-0447
UNITED STATES OF AMERICA            *

Respondent                          *
                                  ***

MEMORANDUM OPINION

Pending is Petitioner Theodore Earnell Parker, Jr.'s motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. No hearing is required. See Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion will be dismissed as time barred.

On June 9, 2008, Parker pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §922(g). On August 29, 2008, he was sentenced to 180 months imprisonment, after a finding that he qualified as an Armed Career Criminal under the Armed Career Criminal Act. Parker did not appeal.[1]

On August 20, 2012,[2] Parker filed the motion to vacate. On August 23, 2012, the Court ordered the United States Attorney to file a limited response addressing the timeliness of the motion. ECF No. 53. On October 22, 2012, the government moved to dismiss the motion as untimely. ECF No. 54. On November 13, 2012, Parker opposed the motion,[3] arguing that

---

[1] Accordingly, his conviction became final on September 12, 2008, when the time to file an appeal expired. See *Clay v. United States*, 537 U.S. 522, 528 (2003).

[2] The motion is dated August 16, 2012, and thus deemed filed on that date. See *Houston v. Lack*, 487 U.S. 266 (1988); *United States. v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

[3] Parker captioned his opposition "motion to strike the government's motion to dismiss." As he does not assert any grounds for striking, the motion will be denied.

*United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) was retroactive. ECF No. 55. On November 14, 2012, the Court gave Parker 28 days to establish that he was entitled to the benefit of the exceptions to the statute of limitations in § 2255 or equitable tolling. ECF No. 56. On December 10, 2012, Parker responded, arguing retroactivity. ECF No. 57.

Section 2255 contains a one-year limitations period.[4] 28 U.S.C. § 2255(f). Parker asserts that his motion to vacate was timely filed within one year of the Fourth Circuit's decision in *United States v. Powell*, 691 F.3d 554, 557 (4th Cir. 2012). ECF Nos. 52 at 4; 57 at 2. He contends that *Powell* held that *Simmons* announced a new rule of law but *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), upon which *Simmons* relied, did not. ECF No. 57 at 2.

Parker's reliance on *Powell* is misplaced. The Fourth Circuit held that the Supreme Court's decision in *Carachuri* "at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment." *Powell*, 691 at 559-60. The court of appeals concluded that *Carachuri* is a procedural rule that is "therefore, not retroactively applicable to cases on collateral review." *Id.* at 560.

Parker's remaining argument, that the *Powell* decision made the Fourth Circuit's decision in *Simmons* retroactively applicable, is equally unavailing. The holding in *Simmons* is not a new

---

[4] The period runs from the latest of
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

right recognized by the Supreme Court under 28 U.S.C. §2255(f)(3). Moreover, *Simmons* held that a prior conviction for a violation of a particular North Carolina statute did not qualify as a felony for sentencing enhancement under the Controlled Substances Act. *See Simmons*, 649 F.3d at 240-41. To the extent interpretation of North Carolina law may impact sentencing enhancement in a federal conviction, the holding in *Simmons* may be a fact supporting the claim under 28 U.S.C. §2255(f)(4).[5] Parker, however, does not assert that a prior North Carolina conviction was relied upon for sentencing enhancement in his case. Accordingly, the timeliness of Parker's motion cannot rely on the date of *Simmons*. Parker's motion will be dismissed as untimely.[6]

Under Rule 12 of the Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Parker has not satisfied this standard, and the Court declines to issue a certificate of appealability. A separate order follows.

1/8/13
_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[5] *See Yarborough v. United States*, Nos. 5:07-CR-00270-1-F, 5:11-CV-00568-F, 2012 WL 1605579, at *2 (E.D.N.C. 2012) (holding that a change in precedent in *Simmons* was a fact under § 2255(f)(4))

[6] Parker does not argue entitlement to equitable tolling.